

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER ALEXANDER,

Plaintiff-Appellant,

v.

CITY OF MESA, a political subdivision of
the State of Arizona; et al.,

Defendants-Appellees.

No.    15-17461

D.C. No. 2:14-cv-00754-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 28, 2017[**]
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**]     The Honorable Susan Illston, United States District Judge for the
Northern District of California, sitting by designation.

Christopher Alexander ("Alexander") appeals the district court's dismissal of his claims against the City of Mesa (the "City"), Brian Truchon ("Truchon"), Jeffrey Jacobs ("Jacobs"), and the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court properly dismissed Alexander's claims against the City under 42 U.S.C. § 1983. The district court had dismissed these claims with prejudice in an earlier order. Accordingly, Alexander was barred by the doctrine of res judicata from raising them again. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

2.      The district court properly dismissed Alexander's claim of intentional infliction of emotional distress against the City and the United States as time-barred. *See* Ariz. Rev. Stat. § 12-542(1) (two-year statute of limitations for personal injuries); Ariz. Rev. Stat. § 12-821 (one-year statute of limitations for actions against public entities). At the latest, Alexander learned of the conduct that gave rise to his IIED claim when his conviction was overturned on December 21, 2010. But he did not commence this action until 2012; he voluntarily dismissed it in 2012; and he did not refile until 2014.

**3.**     The district court properly dismissed Alexander's claim against Truchon for malicious prosecution under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Alexander failed to plead that Truchon had any personal involvement in or took any direct action to aid the investigation.  Truchon "may not be held accountable for the misdeeds of [his] agents."  *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

**4.**     The district court properly dismissed Alexander's claim against Jacobs for malicious prosecution under 42 U.S.C. § 1983.  Though Jacobs was an employee of the City, United States Attorney John S. Leonardo certified that he was acting as an employee of the Federal Bureau of Investigation, and acting within the scope of that employment, at the time of the alleged misconduct, which creates a rebuttable presumption that he was a federal employee at the relevant time.  Alexander has failed to allege facts that would rebut the presumption that Jacobs was not acting as a federal employee under color of state law.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

**AFFIRMED.**

3